UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Edgar Clifford Avery, Jr.

   v.                                            Case No. 23-cv-245-LM

State of New Hampshire

**REPORT AND RECOMMENDATION**

Before the court is prisoner Edgar Clifford Avery, Jr.'s petition (entitled, "Motion to Vacate Judgment" (Doc. No. 1)) and its addenda (entitled, "Addendum to Motion to Vacate Judgment" (Doc. No. 2), "Appendix" (Doc. No. 3), and "Petition for a Writ of Habeas Corpus" (Doc. No. 4)), which assert claims challenging his 1975 first-degree murder conviction and decisions in his post-conviction proceedings.  The matter is here for screening pursuant to 28 U.S.C. § 2243, Rule 4 of the Rules Governing Section 2254 Cases ("§ 2254 Rules"), and LR 4.3(d)(4)(A).

**§ 2254 Rule 4 Standard**

Pursuant to § 2254 Rule 4, a judge is required to promptly examine any petition for habeas relief, and if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition."  Id.  "Federal courts are authorized to dismiss summarily any habeas petition that appears

legally insufficient on its face." McFarland v. Scott, 512 U.S. 849, 856 (1994). The court construes Mr. Avery's pleadings liberally, in light of his pro se status. See Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008).

## Background

In May 1975, a jury in state court convicted Mr. Avery of first-degree murder in the shotgun death of Lee Ann Greeley in 1973. The New Hampshire Supreme Court affirmed that conviction. See State v. Avery, 126 N.H. 208, 490 A.2d 1350 (1985).

Mr. Avery filed multiple post-conviction proceedings, including a prior petition seeking relief under 28 U.S.C. § 2254. See Avery v. Comm'r N.H. Dep't of Corr., No. 92-cv-262-SM (D.N.H.) ("Avery I"). The court in Avery I granted the respondent's motion to dismiss that matter on September 29, 1993. See Sept. 29, 1993 Order, id. (ECF No. 24). The First Circuit affirmed the dismissal of Avery I. See Avery v. Comm'r N.H. Dep't of Corr., No. 94-1050, 32 F.3d 561 (table), 1994 U.S. App. LEXIS 22268, 1994 WL 446785 (1st Cir. Aug. 18, 1994).

Mr. Avery has filed a series of post-conviction motions and proceedings since the entry of judgment in Avery I, seeking to collaterally attack his state conviction and/or to reopen Avery I. The court has denied relief or dismissed those proceedings for reasons including lack of jurisdiction. See, e.g., Feb. 20, 2008 Order, Avery I (ECF No. 48), 2008 DNH 041, 2008 U.S. Dist.

2

LEXIS 12948, at *5, 2008 WL 505983, at *2 (D.N.H. Feb. 20, 2008) ("February 2008 Order, Avery I"). See generally Avery v. St. Germain, No. 21-CV-662-JL, 2022 U.S. Dist. LEXIS 210586, at *2, 2022 WL 17084545, at *1 (D.N.H. July 11, 2022) (listing prior proceedings), R&R adopted, 2022 U.S. Dist. LEXIS 209239, 2022 WL 17082113 (D.N.H. Nov. 18, 2022), appeal filed, No. 22-1971 (1st Cir. Dec. 22, 2022).

The pleadings (Doc. Nos. 1-4) assert the following claims:

- Ineffective assistance of counsel at trial, on appeal and in post-conviction proceedings;

- Judicial bias in a state post-conviction proceeding, Avery v. Cunningham, No. 85-E-25 (N.H. Super. Ct.);

- The invalidity of his May 1974 arrest warrant and criminal complaint, as they were based on a state law that had been repealed in April 1974, which he asserts renders his ensuing prosecution and conviction a nullity, and shows he is "innocent" of first-degree murder, "as a matter of fact and law."

The relief sought is an order vacating the September 1993 Order and December 1993 judgment in Avery I; an order "vacat[ing] any and all decisions and judgments . . . rendered regarding [his] prosecution and conviction for murder in the 'first degree' on May 19, 1975"; and an order releasing him from state prison.

## Discussion

I. Second or Successive Petition & Motion to Vacate"A state prisoner is entitled to one fair opportunity to seek federal habeas relief from his conviction. But he may not usually make

3

a 'second or successive habeas corpus application.'" Banister v. Davis, 140 S. Ct. 1698, 1702 (2020) (citing 28 U.S.C. § 2244(b)).

> Before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Id. § 2244(b)(3)(A).

"A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." Id. § 2244(b)(1). And claims that were not previously raised in a prior § 2254 petition challenging the same state conviction cannot be litigated in this court in a successive petition without the permission of the First Circuit. See id. § 2244(b)(2) & (3).

Mr. Avery's initial filing here, docketed as a § 2254 petition, is a second or successive § 2254 petition; it appears to be an attempt at unauthorized serial habeas litigation, challenging the same state court judgment of conviction that was at issue in Avery I. See Banister, 140 S. Ct. at 1710.

The outcome here will not change if the "Motion to Vacate" (Doc. No. 1) and the "Addendum to the Motion to Vacate" (Doc. No. 2) had been docketed in Avery I. A Rule 60(b) motion to reopen the judgment in a prior § 2254 petition will not be deemed to be a second or successive petition, if that motion merely asserts an error in the prior decision of the federal

4

court, cognizable under Fed. R. Civ. P. 60(b), which precluded that court's consideration of the merits of the first § 2254 petition. But such a motion will be deemed to be a second or successive § 2254 petition if it advances claims for habeas relief challenging the same state court judgment of conviction as the underlying petition. See Gonzalez v. Crosby, 545 U.S. 524, 532 (2005). Document Nos. 1 and 2 amount to precisely that type of successive petition presented in the guise of a Rule 60(b) motion: those pleadings ask this court to vacate the nearly thirty-year old judgment in Avery I and the decisions and judgments in other federal post-conviction proceedings because, petitioner claims, his underlying state court judgment of conviction is void and unconstitutional. See Gonzalez, 545 U.S. at 532; Jackson v. Lumpkin, 25 F.4th 339, 340-41 (5th Cir. 2022); February 2008 Order, Avery I; see also Banister, 140 S. Ct. at 1710. Accordingly, the petition here is properly dismissed for lack of jurisdiction as an unauthorized second or successive petition.

II. Transfer or Dismissal

A "district court, faced with an unapproved second or successive habeas petition, must either dismiss it, or transfer it to the appropriate court of appeals," so that the appellate court can decide whether to allow the petitioner to proceed in the district court. See Pratt v. United States, 129 F.3d 54, 57

5

(1st Cir. 1997) (citation omitted). A transfer to the First Circuit is neither mandated, <u>see</u> 28 U.S.C. § 1631, nor appropriate here. The petitioner's claims appear to be untimely and derivative of claims he has sought to raise previously. Nothing before this court suggests that there is any exigency or other consideration requiring an immediate transfer in the interests of justice. Accordingly, the district judge should dismiss this case and deny the motion to vacate for lack of jurisdiction, leaving Mr. Avery free to seek the First Circuit's permission to file his claims in a new § 2254 petition, in accordance with 28 U.S.C. § 2244(b)(3)(A) and 1st Cir. Local Rule 22.1.

III. <u>Certificate of Appealability</u>

The § 2254 Rules require the court to "issue or deny a certificate of appealability ['COA'] when it enters a final order adverse to the party." § 2254 Rule 11(a). Here, the grounds for dismissal are purely procedural, and not substantive.

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. 473, 484 (2000). Reasonable jurists would not find it debatable that the instant petition and motion to vacate amount to an unauthorized "successive" petition that is subject to dismissal. The district judge should thus decline to issue a COA here.

## Conclusion

For the foregoing reasons, the district judge should deny the motion to vacate, dismiss the petition for lack of jurisdiction, and decline to issue a certificate of appealability. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in the written objections to this R&R "'are subject to review in the district court,'" and any issues "'not preserved by such objection are precluded on appeal.'" Id. (citations omitted).

_____
Andrea K. Johnstone
United States Magistrate Judge

May 11, 2023

cc: Edgar Clifford Avery, Jr., pro se